IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SAM EDWARD THURMOND-GREEN                                            PETITIONER
Reg. #06832-055

V.                           NO.  5:04CV00092 WRW/JWC

LARRY NORRIS, Director,                                              RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Sam Thurmond-Green, formerly an Arkansas Department of Correction (ADC) inmate,[1] brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state-court conviction (docket entry #1). Respondent concedes that Petitioner is in his custody but contends that all claims should be dismissed as procedurally barred (docket entries #9, #15). For the reasons that follow, the petition should be dismissed in its entirety.

I.
Background

Following entry of a guilty plea on November 4, 2002, in the Circuit Court of Faulkner County, Arkansas, Petitioner was convicted of illegally possessing a firearm. He was sentenced to 120 months of imprisonment, to be served concurrently with a federal

---

[1] Petitioner has been transferred to a federal prison in Louisiana (docket entry #19).

sentence. (Resp't Ex. A.)[2] By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (2002).

On December 19, 2002, Petitioner filed a timely petition for post-conviction relief in the Faulkner County Circuit Court pursuant to Ark. R. Crim. P. 37, alleging (1) there was insufficient evidence to arrest or charge him with any unlawful conduct; (2) Faulkner County officials had no authority to arrest him for violating federal probation; (3) his attorney was ineffective in several respects, including a failure to challenge his arrest and to provide him with a state crime lab report; and (4) his guilty plea was induced by threats and intimidation. (Resp't Ex. B.) His petition was denied as being in excess of ten pages and as without merit. State v. Thurmond, No. CR 2002-819 (Faulkner Co. Cir. Ct. Jan. 14, 2003) (Resp't Ex. C).

On January 9, 2003, before his Rule 37 petition was denied in state court, Petitioner filed a federal habeas petition, raising the following claims: (1) he was denied the effective assistance of counsel because his attorney failed to challenge his arrest; (2) his guilty plea was involuntary because it was induced by threats; (3) counsel failed to disclose to Petitioner certain favorable state crime laboratory reports; and (4) he was denied the right to appeal. (Resp't Ex. D.) The federal petition was denied without prejudice due to Petitioner's failure to fully exhaust his state court remedies. Thurmond-Green v. Norris, No. 5:03cv00010 (E.D. Ark. Sept. 22, 2003) (Resp't Ex. E).

Petitioner then returned to state court, filing a motion for belated appeal of the Rule 37 post-conviction denial. (Resp't Ex. F.) The Arkansas Supreme Court denied the

---

[2]Respondent's exhibits are attached to docket entries #9 (Resp't Ex. A-G) and #15 (Resp't Ex. H-L).

motion, finding that he had not demonstrated good cause for his failure to take a timely appeal. Thurmond v. State, No. CR 03-1396, 2004 WL 253550 (Ark. Sup. Ct. Feb. 12, 2004) (Resp't Ex. G).

Petitioner now brings this federal petition, advancing the following claims:

> 1. His attorney was ineffective for failing to challenge his arrest or move to suppress evidence (his statement to police) that was the fruit of an unlawful arrest;
>
> 2. His guilty plea was involuntary because it was induced by threats and intimidation when his attorney told him that, if he went to trial, he would be convicted and receive the maximum penalty; and
>
> 3. His conviction was obtained by the unconstitutional failure of his court-assigned counsel to disclose evidence favorable to Petitioner, specifically certain state crime laboratory reports.

Petitioner has also filed a motion to amend (docket entry #20), seeking to include "additional and new facts" in support of his claims. He asserts that he filed a 42 U.S.C. § 1983 lawsuit against police officers involved in his arrest, which the officers have agreed to settle without admitting innocence or guilt. See Thurmond-Green v. Hodges, No. 4:03cv00865 (E.D. Ark. Nov. 16, 2005). By separate order, the motion has been granted and his allegations have been considered in support of his claims here.

## II.
## Analysis

Respondent contends that all of Petitioner's claims are procedurally barred because, although he raised substantially similar claims in his Rule 37 post-conviction petition, he failed to timely and properly appeal the Rule 37 denial. The state supreme court was thus unable to review the merits of his claims.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. Baldwin v. Reese, 541 U.S. 27, 29 (2004); see 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). A petitioner has fairly presented a claim when he has properly raised "the same factual grounds and legal theories" in each available state court, and his failure to do so will result in a procedural default. Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir.), cert. denied, 540 U.S. 870 (2003). Failure to appeal the denial of a post-conviction petition to the highest state court constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005), cert. denied, 126 S. Ct. 1569 (2006).

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 496 (1986). Where no cause has been demonstrated, the prejudice element of the procedural default analysis need not be addressed. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Cause requires a showing of some impediment, external to the defense, preventing a petitioner from presenting or developing the factual or legal basis of a claim. Murray, 477 U.S. at 488-89, 492. Cause must be something "that cannot fairly be attributed to [the petitioner]." Coleman, 501 U.S. at 753. It is well-settled that pro se status, lack of

education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to a petitioner to constitute cause excusing a procedural default. Sherron v. Norris, 69 F.3d 285, 289 (8th Cir. 1995); Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992); McKinnon v. Lockhart, 921 F.2d 830, 832 n.5 (8th Cir. 1991); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

As cause for his default, Petitioner contends (docket entries #11, #13, #16) that he was externally impeded from appealing his Rule 37 denial due to an inadequate law library and the lack of proper legal materials during the relevant time period. He says that, following his conviction, he was housed at the Faulkner County Detention Center (FCDC), awaiting transfer to the ADC. He says the FCDC library had one outdated Arkansas court rules book with multiple pages torn out and that among the missing pages were the rules pertaining to the procedures for appealing Rule 37 denials. He also says his request for counsel to assist him was denied.

Because there is no constitutional entitlement to counsel in state post-conviction proceedings, the denial of or ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. Coleman, 501 U.S. at 752, 757; Taylor v. Bowersox, 329 F.3d 963, 971 n.13 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). Conceivably, prison library inadequacies may be so extreme as to amount to the denial of access to the courts, which may be imputed to the state and constitute cause to excuse a procedural default. Lamp v. Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997). However, where the state provides a prisoner with the capability of bringing his challenges before the courts and he has "meaningful access to the post-conviction court," no cause has been established. Id. A prisoner must do more than show that certain books

were missing from the library; he must go one step further and demonstrate that the library's alleged shortcomings actually hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). See also Williams v. Norris, 80 Fed. Appx. 535, 536 (8th Cir. 2003) (lack of access to law library and inability to consult with legally trained persons did not constitute cause to excuse procedural default); Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998) (while incarceration in another state may have made filing more cumbersome, it did not amount to state interference with ability to file).

The record shows that Petitioner was incarcerated at the FCDC from the time of his conviction on November 4, 2002, until February 14, 2003. (Resp't Ex. H.) His Rule 37 petition was denied on January 14, 2003, making his notice of appeal due thirty days later. See Ark. R. App. P.-Civ. 2(a)(4) (2003). Although limited legal materials undoubtedly would have made any litigation more difficult, the Court finds that Petitioner was not deprived of the capability to appeal the Rule 37 denial.

First, despite any inadequacies in the library and the lack of an attorney, it is clear that Petitioner's capability to initiate and pursue litigation was not impeded while he was incarcerated at the FCDC. During that time (November 4, 2002, to February 14, 2003), he was able to file a pro se Rule 37 post-conviction petition in the proper court at the proper time. (Resp't Ex. B.) He was also able to file a federal petition for writ of habeas corpus in the appropriate court, along with multiple exhibits. (Resp't Ex. D.) He also filed a pleading in the federal habeas action, (Resp't Ex. K), stating that he was not represented by counsel in his state post-conviction proceedings, was not advised of any right to appeal, and thus believed that his state remedies were exhausted. Notably, in none of those filings did he complain about any inadequacies in the FCDC library.

*After* he left the FCDC, the Court entered an order in the federal habeas action asking Petitioner to explain why he had failed to appeal the denial of his Rule 37 post-conviction petition. (Resp't Ex. I.) In response, (Resp't Ex. J), he stated that the FCDC library was inadequate and that the applicable pages had been missing from the Arkansas court rules book.

Finding that Petitioner could still file a motion for belated appeal in his state post-conviction proceedings, this Court dismissed the federal habeas action so that Petitioner could exhaust his available state-court remedies. When he returned to state court, Petitioner argued in his belated-appeal motion that he was unable to appeal the Rule 37 denial because the inadequate library at the FCDC made it impossible for him to learn of the proper appellate procedure. In support, he submitted affidavits from several former FCDC inmates. The Arkansas Supreme Court stated:

> With respect to petitioner's claim that his failure to file a notice of appeal should be excused because he was ignorant of appellate procedure, it is well settled that mere lack of familiarity with procedure in itself is not good cause for the failure to follow mandatory procedural rules. While there can be no doubt that incarceration places burdens on the *pro se* petitioner, it is not enough to assert that he or she would have complied with the rules of procedure had the library where he or she was incarcerated been better equipped. Here, the petitioner has stated no good cause for his failure to file a timely notice of appeal. Accordingly, the motion to proceed with a belated appeal is denied.

Thurmond, supra at *1 (citation omitted).

Therefore, the library at the FCDC was sufficiently equipped to permit Petitioner to ascertain the necessary procedural requirements to ably engage in other types of litigation. This undermines his claim that he was prevented from seeking a Rule 37 appeal and instead indicates that he simply opted to pursue other challenges to his conviction in lieu of a Rule 37 appeal.

Furthermore, there is no evidence that the FCDC or any state officer prevented Petitioner from contacting the state circuit court clerk, his attorney, or the Arkansas Supreme Court regarding the procedure for an appeal of the Rule 37 denial. He says that the clerk and the jail officials told him to contact his attorney and that his inquiries to counsel went unanswered. The record contains two letters from Petitioner to his counsel. The first, dated September 26, 2002, stated that he was concerned about "discrepancies and inconsistencies" in his case and asked her to "seek some sort of relief" for him. (Ex. D to Resp't Ex. B.) This was before he entered his guilty plea. The second letter, dated December 22, 2002 (attached to Resp't Ex. K), stated that he wanted to "appeal" his conviction and sentence and that he had filed a pro se post-conviction motion in the circuit court. He said he had been told to consult with her regarding legal procedure, and he asked her to "follow through" with the petition and correct any mistakes. Counsel responded on January 2, 2003 (attached to Resp't Ex. D), telling him that, as they had discussed and as stated on the record during his plea hearing, he had no right to an appeal from entry of a guilty plea. She did not mention his post-conviction petition or proceeding. Shortly thereafter, on January 14, 2003, Petitioner's Rule 37 petition was denied by the state circuit court. There is no indication that he contacted his attorney again, or that he made any effort at the appropriate time to contact the circuit court or the Arkansas Supreme Court about the procedure for appealing that order.[3] Nor is there any evidence that he made any attempt to file a *pro se* notice of appeal.

---

[3] In his first federal habeas petition, Petitioner said he wrote the circuit court clerk on November 11, 2002, about an appeal and was told to consult with his attorney. (Resp't Ex. D, p.6.) Because this was immediately following entry of his guilty plea, it indicates that his inquiry was about the availability of a direct appeal.

While the Court accepts Petitioner's assertion that his efforts were frustrated to some degree, it is clear that they were not impeded as he was able to articulately and correctly litigate other matters in the state and federal courts and was able to correspond freely with his attorney and court officials. Petitioner has thus failed to demonstrate cause for his failure to fully litigate his claims in his state post-conviction proceedings.

Petitioner also argues that his default should be excused under the fundamental miscarriage of justice exception (docket entry #11, p.11). To fit within this narrow exception to the cause-prejudice requirement, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." Schlup v. Delo, 513 U.S. 298, 324, 329 (1995). The exception is concerned with claims of factual innocence, not mere legal insufficiency. Calderon v. Thompson, 523 U.S. 538, 559 (1998).

When judgment is entered on a guilty plea rather than after a jury or court trial, assessment of a Schlup claim can be difficult because there was no trial and thus no transcript of the evidence. See Bousley v. United States, 523 U.S. 614, 624 n.3 (1998). Such a claim must be evaluated by examining all evidence offered by the petitioner in support of his actual-innocence assertion, the transcript of the plea hearing, which generally contains a recitation of the underlying facts, and any other evidence submitted by the state in the habeas proceeding. The state is not limited to the existing state-court record and is permitted to present any admissible evidence of the petitioner's guilt. Id. at 624. Where the state has forgone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges. Id.

Accordingly, in evaluating this Petitioner's actual-innocence claim, the Court has carefully reviewed the transcript of his guilty plea hearing, (Resp't Ex. L), as well as the pleadings and exhibits submitted by both parties in this habeas action.

At the plea hearing, the prosecutor recited the following factual basis supporting the firearm charge at issue:

> Your Honor, on the date of the felony information, that being 7-17 of 2002, there was an attempted home intrusion. This defendant was located a short time later. He matched the description of the suspect. Judge, a firearm was found near the scene. After being advised of his <u>Miranda</u> rights, he did state that he was in possession of that firearm. Your Honor, he has a prior conviction for, uh, bank robbery out of the state of New York, for which he is currently on federal parole at this time.

(Resp't Ex. L, p.5)

Petitioner's attorney stated that, as part of the plea agreement, charges for possessing drug paraphernalia and fleeing would be nolle prossed. (<u>Id.</u> at 5-6; <u>see</u> Resp't Ex. H.)

When Petitioner was arrested he gave a statement to police after being given <u>Miranda</u> warnings and waiving his rights, stating that an acquaintance named Eric told him about someone who had money and drugs that Eric wanted to "knock off." According to the statement, Eric talked Petitioner into going with him, and gave Petitioner a pistol. They walked to the potential victim's house and knocked on the door. After answering, the victim "got suspicious" and slammed the door. The police then showed up, and Eric and Petitioner started running. Petitioner said he threw the gun away. He said he was on federal parole and knew he would be in trouble because of the gun. (Ex. C to Resp't Ex. B.)

In support of his claim of innocence, Petitioner points to the state crime lab report, which he says he discovered three weeks after he pleaded guilty, showing that his fingerprints were not on the firearm in question. He also says that his statement was inadmissible as the fruit of an illegal arrest and that his prior conviction would not have been admissible unless he testified.

The state crime lab report, (Ex. F to Resp't Ex. B), shows that a certain pistol was "processed for latent prints with no latent impressions developed of value for identification." The fact that no fingerprints were obtained from the firearm does not prove that Petitioner did not have it in his possession. Police are not always able to recover identifiable fingerprints. He admitted possession of the firearm in his statement and did not raise any objection to the factual basis recited at the plea hearing. Even if his statement was inadmissible (which he has not proven), other witnesses could have testified about the events described in the statement and at the plea hearing, such as his alleged accomplice, the victim and the police. Therefore, the absence of fingerprints does not prove innocence, but rather would create a conflict in the proof for the jury to resolve. Engram v. State, 15 S.W.3d 678, 681 (Ark. 2000); see United States v. Light, 406 F.3d 995, 997 (8th Cir. 2005) (inability to obtain usable prints on firearm did not preclude felon-in-possession conviction). Furthermore, as the existence of a prior felony conviction was an element of the offense with which Petitioner was charged, the state would have been entitled to present proof of his prior conviction regardless of whether Petitioner testified. See Plummer v. State, 603 S.W.2d 402, 405 (Ark. 1980.)

In light of all the evidence in the record, including the allegedly "new" state crime lab report, Petitioner has not demonstrated a reasonable likelihood that, had he proceeded to

trial, no reasonable juror would have convicted him.  The actual-innocence exception does not excuse Petitioner's procedural default.

III.
Conclusion

Because all of Petitioner's claims are procedurally barred, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) should be **dismissed in its entirety with prejudice.**

This conclusion is based on the record presented and is reached without the necessity of an evidentiary hearing.  See Rule 8(a), Rules Governing § 2254 Cases in United States District Courts; Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir.) (federal habeas court's power to conduct evidentiary hearing is "sharply limited" by statute), cert. denied, 126 S. Ct. 93 (2005); Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002) (no hearing required where record clearly indicates that claims are either barred from review or without merit).

DATED this 28th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE